UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DON A. NORTON,

        Plaintiff,

    v.                                    Case No. 11-C-842

AMERICAN HOME MORTGAGE
SERVICING, INC., CHAD F. KOWALEWSKI,
and O'DESS & ASSOCIATES, S.C.,

        Defendants.

**ORDER**

Plaintiff Don Norton filed this pro se lawsuit against American Home Mortgage Servicing Inc. (AHMSI) and its attorneys alleging they violated the Fair Debt Collection Practices Act. Presently before the Court is a motion to dismiss filed by Defendants Chad Kowalewski (Kowalewski) and O'Dess and Associates, S.C. (O'Dess). Kowalewski and O'Dess represented AHMSI in a foreclosure action against Norton. For the reasons set forth below, the motion to dismiss will be granted.

**BACKGROUND**

Norton alleges that AHMSI initiated a lengthy series of phone calls to him in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et. seq. Norton does not allege that Kowalewski or O'Dess specifically engaged in the collection calls. Instead, his allegation is that on several occasions he wrote to Kowalewski, the attorney of the law firm retained to represent

AHMSI in the foreclosure action, requesting him to instruct AHMSI to cease calling him. AHMSI later continued the calls. Norton argues that as theoretical "partners" to AHMSI, Kowalewski and O'Dess are liable for AHMSI's actions. (ECF No. 17 at 2.)

**LEGAL STANDARD**

The standards governing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure are well established. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding whether it is sufficient to state a claim, the court must "accept[ ] the complaint's well-pleaded allegations as true and draw[ ] all favorable inferences for the plaintiff." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, the court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir.2 009). The allegations must be sufficient "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

2

## ANALYSIS

The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others. The FDCPA applies to the actions of "debt collectors" and defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Defendants O'Dess and Kowalewski contend the elements of the statutory definition of "debt collector" do not apply to them and therefore they cannot be subject to the FDCPA. They assert that Norton never alleges that O'Dess or Kowalewski ever communicated or attempted to communicate with him in an attempt to collect a debt, contrary to the requirements of the FDCPA. (ECF No. 5 at 6.) They contend that the FDCPA requires "(1) a communication or attempted communication; (2) by a debt collector; (3) to a consumer; (4) in connection with attempting to collect a debt." (*Id.* at 7.) They are correct.

Even the law of agency does not save Norton's complaint. Under Wisconsin law, an agency relationship is created by an agreement of two parties, embodying three factual elements: (1) the manifestation of the principal that the agent is to act for him; (2) the agent's acceptance of the undertaking; and (3) the understanding of the parties that the principal is to control the undertaking. WIS JI-CIVIL 4000. Mere authority to act for another does not, without more, establish agency since independent contractors, as well as agents, both act on behalf of a principal. *Envirologix Corp. v. City of Waukesha*, 192 Wis.2d 277, 295 (Ct. App. 1995). More importantly, even if Kowalewski and O'Dess were deemed agents of AHMSI, this would only mean their actions on

behalf of AHMSI would be attributable to AHMSI; not that AHMSI's actions would be attributed to them.

The critical distinction between an independent contractor and an agent is the degree of control exercised by the principal. *Id.* Norton's complaint does not suggest AHMSI exercised any control over Kowalewski or O'Dess. Instead of claiming Kowalewski and O'Dess were agents, Norton interestingly tries to contend the movants should instead be thought of as AHMSI's "partner." Norton asserts they should be considered partners because they were "an active and essential tentacle of the debt collection octopus." (ECF No. 17 at 2.) More specifically, Norton urges the Court to take note of the fact that "often times a law firm . . . will work in exchange for a percentage of any recovery." (*Id.*) Norton further alleges the movants may have had a role in "formulating, supervising, or implementing the collection strategy including the hundreds of robocalls." (*Id.*)

A court need not accept speculation or a legal conclusion "couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1950. Norton's assertions here do not appear to have any factual basis, nor does the case law indicate Kowalewski and O'Dess should properly be treated as partners. As such, the motion to dismiss Kowalewski and O'Dess as parties in this action is **GRANTED**.

Dated this   18th   day of November, 2011.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge

4

Case 1:11-cv-00842-WCG    Filed 11/18/11    Page 4 of 4    Document 20