UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DON A. NORTON,

          Plaintiff,

  v.                                  Case No. 11-C-842

AMERICAN HOME MORTGAGE
SERVICING, INC.,

          Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY UNDER RULE 56(d)**

In lieu of responding to Defendant's pending motion for summary judgment, Plaintiff filed a motion (ECF No. 34) pursuant to Federal Rule of Civil Procedure 56(d)[1] to allow time for additional discovery. Plaintiff maintains that he cannot adequately respond to Defendant's motion for summary judgment because Defendant has failed to comply with his discovery requests.[2] For the following reasons, Plaintiff's motion will be denied.

In order to satisfy the requirements of Rule 56(d) for a continuance, the movant must identify "by affidavit the specific facts that further discovery would reveal, and explain why those

---

[1] Plaintiff in his motion cites Rule 56(4)(d). There is no subsection under (4)(d) in the rule, but given the context of his motion, I construe the motion to be made pursuant to Rule 56(d).

[2] Plaintiff elected not to file a reply brief in response to Defendant's brief in opposition to Plaintiff's current Rule 56 motion. Therefore, I will consider Plaintiff's motion based on the briefs submitted by the parties.

facts would preclude summary judgment." *Tatum v. City & Cnty of San Fransisco*, 441 F.3d 1090, 1100 (9th Cir. 2006); *see also Ezpeleta v. Sisters of Mercy Health Corp.*, 621 F. Supp. 1262, 1276 (N.D. Ind. 1985) ("Plaintiff has not met the burden of showing that matters she sought would change the result of the case."). Moreover, the justification for a Rule 56(d) motion "must be genuine and convincing to the court rather than merely colorable." *Pfeil v. Rodgers*, 757 F.2d 850, 856 (7th Cir. 1985); *see also Lamb's Patio Theatre v. Universal Film Exchs., Inc.*, 582 F.2d 1068, 1071 (7th Cir. 1978). Put simply, the benefit of the additional time for discovery to respond to summary judgment is not available merely because it is requested. To warrant the grant of a continuance, Plaintiff must show "(i) good cause for his inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion." *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007).

Plaintiff states that Defendant has set forth two primary arguments in support of its motion for summary judgment: (1) Defendant is not a "debt collector" because at the time it began servicing Plaintiff's loan, his loan was not in default and (2) Plaintiff has no evidence that Defendant intended to harass or annoy him with robocalls. (Pl. Mot. ¶ 2, ECF No. 34.) Plaintiff lists seven different discovery document information that Defendants did not provide to him after his requests for production. Plaintiff argues that because Defendant has failed to comply with his discovery demands, he is entitled to an extension of time to respond to Defendant's motion for summary judgment.

2

Plaintiff's argument fails because there is no evidence he was diligent in trying to obtain the discovery he now claims he lacks. He never filed a motion to compel Defendants to comply with his discovery demands, and the time to do so has expired. As an attorney himself, Plaintiff would be well aware of the procedural rules that allow a party to obtain an order from the court compelling a party to provide discovery that has been properly requested. A party cannot simply ignore the deadlines set by the court and then demand an extension to seek such assistance after the time to do so has expired. Defendants explain in their response that they have attempted to cooperate with Plaintiff in providing him with the discovery he sought, but even if they did not, it is too late in the day for Plaintiff to use that as an excuse for an extension of time to respond to Defendant's motion.

Plaintiff also fails to explain what facts or evidence he believes he could obtain from such discovery that he needs in order to respond to Defendant's motion. It is not enough to simply complain that Defendant has not responded to his discovery demands. As noted above, in order to satisfy the requirements of Rule 56(d) for a continuance, the movant must identify "by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cnty of San Fransisco*, 441 F.3d at 1100. Plaintiff has failed to do so here.

Defendant offers additional argument as to why Plaintiff's discovery requests have either been complied with or are irrelevant to its motion for summary judgment. Sufficient reason to deny Plaintiff's motion has already been stated, however, and there is no need to go further. Accordingly, for the reasons stated, Plaintiff's motion for continuance (ECF No. 34) pursuant to Rule 56(d) is **DENIED**. Plaintiff will have fourteen days to respond to Defendant's motion for

summary judgment. If Plaintiff fails to respond within the time allotted, I will decide Defendant's motion for summary judgment on the record before the Court.

**SO ORDERED** this   17th   day of December, 2012.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court